MARY E. LUETCHFORD, Appellant, *v.* ELIZABETH LORD,
Impleaded, etc., Respondent.

In an action to foreclose a mortgage executed by defendants, who were
husband and wife, upon lands of the latter to secure their joint bond,
the wife, who alone answered, alleged that part of the consideration of
the bond and mortgage was a gambling debt due the mortgagee from
the husband, and that, at the time of the execution of the bond and
mortgage, the persons who would have been entitled to the mortgaged
premises were the defendant's four children. The mortgagee died prior
to the bringing of the action. Upon the trial the wife called the hus-
band as a witness to prove the averment as to the consideration of the
bond and mortgage; this was objected to and the testimony excluded
on the ground that the witness was incompetent under the Code of Civil
Procedure (§ 829) to testify to conversations or transactions between him
and the deceased mortgagee. *Held*, no error; that the provisions of the
Revised Statutes (1 R. S. 663, §§ 16, 17), upon which the defense was based,
which declare all things in action and securities, any part of the con-
sideration for which is money won by playing at any game, to be "utterly
void," except where the security affects real estate, when it shall be void
as to the grantee, but shall inure to the sole benefit of the person enti-
tled to the real estate in case the grantor or incumbrancer had died
immediately upon the execution of the instrument, could not be con-
strued as operative to transfer to the mortgagor's heirs title to the mort-
gage alone, leaving the bond valid in the hands of the obligee; that the
mortgage being merely an incident of the debt, the necessary effect of
the statute is that the bond goes with it to the mortgagor's heirs, not
absolutely, but only so far as necessary to give validity to the mortgage,
and in case the amount of the debt exceeded the value of the land mort-
gaged, to the extent of the excess, the bond, if the defense was sustained,
would be utterly "void," and as judgment was sought against the wit-
ness for any deficiency, he was directly interested in the event of the
action.

*Luetchford* v. *Lord* (57 Hun, 572), reversed.

(Argued March 21, 1892; decided April 26, 1892.)

APPEAL from order of the General Term of the Supreme
Court in the fifth judicial department, made October 23, 1890,
which reversed a judgment in favor of plaintiff entered upon
a decision of the Special Term and granted a new trial.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*Horace McGuire* for appellant. The evidence of George D. Lord was incompetent and was properly excluded. (Code Civ. Pro. § 829; *Smith* v. *Hathorn*, 25 Hun, 159; *Weed* v. *Hornby*, 35 id. 580; *Geissmann* v. *Wolf*, 46 id. 289; *Church* v. *Howard*, 79 N. Y. 415; *Holcomb* v. *Holcomb*, 95 id. 316.) This is not a case where a severance of the action could be had under section 456 of the Code or ordered under section 1205. (*Cobb* v. *Thornton*, 8 How. Pr. 66; *McCarthy* v. *Graham*, 8 Paige, 480; *Bank of Rochester* v. *Emerson*, 10 id. 115; *Smith* v. *Hathorn*, 25 Hun, 159.)

*William N. Cogswell* for respondent. The exclusion of the testimony of Lord was error. (*Good* v. *Elliott*, 3 T. R. 693; 1 R. S. 663, chap. 20, art. 3, §§ 16, 17; *Connelly* v. *O'Connor*, 117 N. Y. 91.)

BROWN, J. The complaint in this action alleged the execution and delivery by the respondent and her husband, George D. Lord, to one William Allen, of a joint bond bearing date September 6, 1877, to secure the payment of the sum of fifty-five hundred dollars on January 1, 1890, with interest payable semi-annually, and as collateral security thereto a mortgage upon real estate situated in the county of Monroe.

It alleged the death of Allen and the assignment of said bond and mortgage to the plaintiff by the executors of his last will, and the failure upon the part of the defendants to pay the amount due thereon, and demanded the usual judgment of foreclosure and sale of the mortgaged property, and that the defendant be adjudged to pay any deficiency that should remain after applying to the payment of the debt all the proceeds of the sale applicable thereto. The real estate mortgaged was owned by Mrs. Lord, and she alone defended the action.

The answer alleged that a part of the consideration of the bond and mortgage was the securing to said Allen of a sum of money won by him from George D. Lord at a game of poker.

That at the time of the execution of said bond and mortgage, the persons who would have been entitled to the real

estate described in the mortgage if said defendant had died, were her four children, who were named and all of whom were then living. It prayed that said bond and mortgage be declared void and canceled, or, if the court should decree that the same inured to the the benefit of the respondent's said children, for such other relief as should be just.

This defense was based upon 1 R. S. (p. 663, §§ 16, 17), which, so far as material, are as follows : Sec. 16. "All things in action, judgments, mortgages, conveyances, and every other security whatsoever, given or executed by any person where the whole or any part of the consideration of the same shall be any money  *  *  *  won by playing at any game whatsoever  *  *  *  shall be utterly void, except when such securities, conveyances or mortgages shall affect any real estate, when the same shall be void as to the grantee therein so far only as hereinafter declared."

Sec. 17. "When any securities, mortgages or other conveyances executed for the whole or part of any consideration specified in the preceding section shall affect any real estate, they shall inure for the sole benefit of such person as would be entitled to the said real estate, if the grantor, or person encumbering them, had died immediately upon the execution of such instrument and shall be deemed to be taken and held to and for the use of the person who would be so entitled."

Upon the trial, after the plaintiff had given proof sufficient to entitle him to the judgment asked for, the respondent called as a witness her husband, George D. Lord, and proved by him that at the time of the execution of the bond and mortgage she had four children, and that they were all living at the time of the trial. The record then contains the following statement :

"The defendant thereupon offered to prove by the witness George D. Lord that a part of the consideration of the said bond and mortgage, and at least the sum of seven hundred and fifty dollars thereof, was for money won by said William Allen of said George D. Lord by playing at a game of chance called ' poker,' and at least the sum of seven hundred and fifty dollars of the said bond and mortgage was for the payment and

security of said gambling debt, and no other or different. The plaintiff thereupon objected to the proving of such fact by the witness George D. Lord, on the ground that the said George D. Lord is incompetent to testify to any conversation or transaction between him and said William Allen, deceased, by the provision of section 829 of the Code of Civil Procedure. The objection was sustained by the court and the offer of the defendant excluded, to which ruling the defendant then and there duly excepted."

The exception to this ruling of the court presents the question to be decided upon this appeal. The Special Term gave judgment for the plaintiff which was reversed by the General Term.

The appellant contends that the witness was interested in the result of the action for the reason that her defeat upon the issue raised by the answer would have discharged the witness from all liability upon the bond, and, as the obligation was joint, this contention is sound unless it is overcome by the application to the facts of the case of the statute heretofore quoted.

The respondent's claim is two-fold. First. That the result of proving the facts pleaded in the answer, under the operation of the statute, would be to work a transfer of the bond and mortgage from the plaintiff to the children of Mrs. Lord, and that the liability of the witness upon the bond would be intact and could be enforced against him by the parties into whose possession the statute would transfer it, and that Mr. Lord was not interested in an event which determined nothing more than the ownership of the securities. Second. That the evidence was competent for the purpose of proving that the mortgage did not belong to the plaintiff, under the provision of the statute, irrespective as to who had title to the bond, and that, if the facts had been proven, the court might have adjudged that the complaint, so far as it sought a foreclosure of the mortgage, should be dismissed, and either given judgment for the plaintiff upon the bond, or made the dismissal without prejudice to bring another action upon the bond.

This latter ground was not taken at the trial as will appear from the offer which I have quoted. The attention of the court was not called to the fact that the evidence was claimed to be admissible only to affect the demand for a foreclosure of the mortgage. The offer was general to prove illegality in the consideration of both bond and mortgage. That it was inadmissible as to the bond is apparent, and, so far, the ruling of the court was right, and I am inclined to think the appellant cannot now claim a limited application of the evidence as a ground of error.

But, regarding the form of the offer as of no consequence, our opinion is that the statute cannot have such a construction as to make it operative to transfer to the mortgagor's heirs title to the mortgage alone.

The statute against betting and gaming was enacted as a protection of the public morals. The intention of the legislature was to discourage and repress gambling in all its forms, and the law under consideration, having been enacted for the public good, is to be construed so as to accomplish, so far as possible, the suppression of the mischief against which it was directed. (*Ruckman* v. *Pitcher*, 1 N. Y. 396; *Storey* v. *Brennan*, 15 id. 527.)

The intention is that the offender against the laws prohibiting gambling is to be punished by being deprived of any real estate mortgaged or conveyed to secure the gambling debt, and that real estate so mortgaged or conveyed shall pass to the heirs of the offender. The statute saves the security or conveyance for the single purpose of preserving the real estate to the heirs of the mortgagor or grantor. As to a mortgagee, both bond and mortgage are void, but the mortgage is preserved as a medium to transfer the land to the mortgagor's heirs.

But such a result could be accomplished only through a foreclosure of the mortgage, and it needs no argument to show that the purpose of the statute would be defeated if the mortgage should belong to one person and the bond to another.

The learned counsel for the respondent takes two positions

which are absolutely inconsistent. He argues, first, that the bond and mortgage are to be regarded as a single security affecting real estate and both pass under the statute and can be enforced by the mortgagor's heirs. That the witness was not pecuniarily interested in that result, as his liability to pay the debt was not thereby affected. Hence the evidence was admissible. His second proposition is that the mortgage alone affects the land, and that the court could have severed the securities and dismissed the complaint so far as it sought a sale of the real estate. That under this construction the evidence was admissible as it did not affect the liability of the witness on the bond. The argument presented by the learned counsel in the first point is a complete answer to his second proposition. I quote from his brief. " The statute expressly states that the securities where they affect real estate, shall immediately upon the execution thereof, be taken and held for the use of Mrs. Lord's children. In other words, the fact that a part of the consideration was for a gambling debt, works a transfer and assignment of the mortgage. I submit that that being so, to carry out the intent and purpose of the statute effectively it must be held that the bond, which is a part of the same transaction, comes within the saving grace of the statute and inures for the benefit of the children of Mrs. Lord alike with the mortgage. If that is not so then the statute is meaningless and the object sought to be accomplished by the statute utterly fails. It cannot be claimed that in such a case as this the statute contemplated that the mortgage should belong to one person and the bond to another. The beneficial interest in the debt is, however, included in the assignment of the mortgage, although the terms of the assignment embraces the mortgage alone. This would be the presumed intention of the parties in all cases when the debt has not been already transferred to another. The mortgage being merely an incident of the debt cannot be assigned separately from it so as to give any beneficial interest. (Jones on Mortgages, § 805.) If then the intent of the statute was to confer the beneficial interest in the mortgage to the children of Mrs. Lord, as to

which there is no question, the necessary effect must be that the bond, the evidence of the debt, must go with it."

We concur in this reasoning, but we do not adopt the counsel's conclusion that the bond absolutely passes to the mortgagor's heirs, and such construction is not necessary to carry out the purposes of the statute. The bond is not of itself a security affecting real estate, and only so far as it is essential to give validity to the mortgage in the hands of the mortgagor's heirs, is it necessary to hold that it comes under the operation of the statute.

If the amount of the debt is less than the value of the real estate the bond to the whole amount would necessarily pass because the heirs would acquire such an interest in the real estate only as is equal to the amount of the debt attempted to be secured, and the practical operation of the statute in such case would lead simply to the foreclosure of the mortgage, a sale of the land and payment of the amount secured. But it would be otherwise in case the amount of the debt exceeded the value of the land. In such case the heirs acquiring no right to the bond, except so far as it was necessary to support the mortgage, it to the extent of any excess over the value of the land would, under the statute, be "utterly void" and would be extinguished.

It follows that the result of proving the facts set out in the answer and which it was proposed to prove by the witness George Lord would be to confine the enforcement of the bond and mortgage to the land and destroy the personal liability of the obligors upon the bond, and as the only judgment sought against the witness was for any deficiency that might exist after a sale of the land, he was directly interested in the event of the action and incompetent to testify to any transaction with the deceased mortgagee, and his evidence was properly excluded.

The order of the General Term should be reversed and the judgment of the Special Term affirmed.

All concur, except BRADLEY, J., not voting.

Order reversed and judgment affirmed.